IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JAMES HARPER, | ) |
| | ) Case No. 1:20-cv-771-JL |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES P. RETTIG, in his official | ) |
| capacity as COMMISSIONER INTERNAL | ) |
| REVENUE SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Exhibit 9

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, the defendant United States of America[1] hereby responds to Plaintiff's First Set of Interrogatories dated November 18, 2022. In accordance with the Court's order of November 29, 2022, the plaintiff is limited to 7 interrogatories. The responses below are to the 7 interrogatories selected by plaintiff from the 20 interrogatories that were originally served. The text of each interrogatory is reproduced in bold type above the response.

**1. In your August 9, 2019 letter to Plaintiff Harper (Exhibit 6 to the First Amended Complaint), you stated: "We have information that you have or had one or more accounts containing virtual currency but may not have properly reported your transactions involving virtual currency, which include cryptocurrency and non-crypto virtual currencies." Identify all such information, including all documents containing the information, and state in detail the basis for your assertion that the information indicated**

---

[1] The named defendants in this action are Charles P. Rettig, in his official capacity as Commissioner of the Internal Revenue Service, the Internal Revenue Service, and John Doe IRS Agents 1-10. Note that Mr. Rettig is no longer the Commissioner of Internal Revenue; he has been replaced by Acting Commissioner Douglas O'Donnell. *See* Fed. R. Civ. P. 17(d) and 25(d). In any event, it is well established that to the extent the relief requested in a complaint, if granted, would result in a judgment that would restrain the federal government from action or interfere with public administration, the suit constitutes an action against the United States. *Dugan v. Rank*, 372 U.S. 609, 620 (1962) (citing *Land v. Dollar*, 330 U.S. 731 (1947)). Accordingly, the United States of America is the true party in interest.

**Plaintiff "may not have properly reported [his] transactions involving virtual currency" on his federal income tax return.**

Response: The information referred to in the letter of August 9, 2019, is tax return information reported by Mr. Harper and the information obtained through the John Doe summons served on Coinbase, Inc. ("Coinbase").

On March 16, 2017, a petition to enforce the John Doe summons was filed against Coinbase in the United States District Court for the Northern District of California. On November 28, 2017, the court granted the petition to enforce a narrowed John Doe summons. *See United States v. Coinbase, Inc.*, Case No. 3:17-cv-01431, 2017 WL 5890052 at *8-9 (N.D. Cal. Nov. 28, 2017). Coinbase was ordered to produce information for accounts with at least the equivalent of $20,000 in any one transaction type (buy, sell, send, or receive) in any one year for the 2013 through 2015 tax years.

Coinbase subsequently produced information to the IRS. Information that the IRS received from Coinbase regarding Mr. Harper is contained in five Excel files titled and summarized as follows:

[1] "HARP transactions 0001 thru 0175"

175 separate excel sheets showing transaction data received from Coinbase for a Coinbase User ID determined to be associated with Mr. Harper.

[2] "HARP Coinbase John Doe Summons Counter-Party Names"

Three counter-party names are identified: James Harper, James W. Harper, and Policycounsel.com, Inc.

[3] "HARP Coinbase Supplemental Production – Incomplete User Info"

Four sheets titled: "Missing Names", "Pseudonyms", "Missing DOB", and "Missing Address." All four sheets say, "no results."

[4] "HARP user_id_to_ssn"

One sheet with one line on it. That line shows the code that was Mr. Harper's Coinbase User ID.

[5] "HARP users"

One sheet showing that Mr. Harper's Coinbase User ID was associated with his name and address.

Copies of all five of these documents are being produced contemporaneously in response to Plaintiff's Requests for Production of Documents. The key to the fields on the Coinbase spreadsheets is as follows:

| Field Name | Description |
|---|---|
| User ID | Internal identifier for the user. Identical to user_id in users.csv |
| Country Code | The country currently associated with the user in our system (as of 2/21/2018). Identical to current_country_code in users.csv |
| Platform | The platform on which the transaction took place; this is one of "Coinbase" for coinbase.com, or "Exchange", for Global Digital Asset Exchange (GDAX). |
| Account ID | Internal identifier for the account. Each account belongs to a single user, and is denominated in a single currency. A user can have multiple accounts. |
| Currency | The currency associated with the account. |
| Ledger Entry ID | Internal identifier for the specific ledger entry. |
| Transaction ID | Internal identifier of the transaction. Each transaction has exactly one ledger entry per account. |
| Time Stamp | Timestamp of the transaction. |
| Transaction Category* | Category of the transaction (see below). |
| Amount | Amount of the transaction, denominated in the currency of the account. |
| Post Entry Balance | Balance on the acccount after the current transaction is accounted for. |
| Fiat Currency | A fiat currency associated with the transactions. This is USD, unless the transaction is itself denominated in a foreign currency. |
| Fiat Amount | The equivalent fiat amount of the transaction. For BTC transaction, this is the amount converted to USD at the given exchange rate at the time of the transaction.<br> For fiat-denominated transactions, it is identical to the amount.<br>Note that for a Buy or Sell, the fiat amount is not necessarily the amount the user paid or received in exchange for the crypto, as it does not take into account Coinbases' fees. |
| Counterparty IDs | The internal user_id of the counter-parties the transaction, if available; in many cases (Buys and Sells for example), the counter-party is Coinbase.<br> If the counter-party is not known, or there is no counter-party (i.e. this represents a transfer of the user's own funds), we provide the value '-none-' |
| Hsh | The public blockchain SHA hash of the transaction, if it was committed to the blockchain. |

The United States is also producing an Excel file titled "A – HARP GII data1" that shows the internal tax return data that the IRS reviewed in connection with its review of the Coinbase information relating to Mr. Harper's transactions, as well as copies of Mr. Harper's 2013-2015 federal income tax returns.

The basis for the statement in the August 9, 2019 letter quoted by this interrogatory was the IRS's review of the Coinbase information and Mr. Harper's federal income tax return information described above. The Coinbase information showed that a User ID associated with Mr. Harper engaged in sell transactions with sales proceeds totaling $124,203.56 from 2013 to 2015. For the same period, IRS records reflect that Mr. Harper reported a total of $8,277 in proceeds from sale of bitcoin on his Forms 8949. In 2013, he did not report any proceeds. In 2014, he reported $900 in proceeds. In 2015, he reported $7,377 in proceeds.

**2. Identify the source(s) from which you obtained all documents containing information regarding Plaintiff's transactions involving virtual currency; in particular, and without limitation, identify all digital currency exchanges (if any) from which you received those documents and state specifically whether or not you received any of the documents from Coinbase, Abra, and/or Uphold.**

Response: *See* response to Interrogatory #1, above. Coinbase is the only source of information regarding Mr. Harper's transactions involving virtual currency, except for reporting of virtual currency transactions reported by Mr. Harper on his tax returns. The IRS did not obtain any information or documents relating to Mr. Harper from Abra or Uphold.

**4. Did anyone affiliated with the IRS examine Plaintiff's federal income tax returns as a result of its receipt of the information referenced in Interrogatory No. 1? If yes, state the date of that examination, identify all persons who engaged in such examination, and identify any documents generated as a result of that examination.**

Response: Objects that this interrogatory's use of the terms "examine" and "examination" are vague and ambiguous. This response assumes that these terms, as used here, mean an examination within the meaning of Title 26, Chapter 78, Subtitle A ("Examination and Inspection"), §§ 7601 – 7613. Under this definition, the response is that the IRS has not yet opened any formal examination of Plaintiff's income tax returns for the 2013-2015 income tax years, which are the years for which the IRS obtained information from Coinbase regarding Mr. Harper's virtual currency transactions. Although there was no "examination," the IRS did review

Mr. Harper's federal income tax return information in conjunction with its review of the Coinbase information described in the response to Interrogatory #1 above. Documents related to that review are being produced in response to plaintiff's requests for documents numbered 1 and 2, as described in the United States' responses to those requests.

**9. Identify all steps you have taken since August 9, 2019 to follow up on your assessment that Plaintiff "may not have properly reported [his] transactions involving virtual currency," including identifying all communications/documents sent to or from third parties regarding any such follow-up.**

Response: Objects to the extent that this interrogatory seeks information protected by the attorney-client and/or deliberative-process privileges and the work-product doctrine. Further objects that "steps … taken … to follow up" is vague and ambiguous. Without waiving those objections, the United States responds that, excluding this litigation, IRS did not conduct any examination or further review of Mr. Harper's tax returns or virtual currency transaction reporting in connection with, and after its review of, Plaintiff's Coinbase transactions and history of virtual currency transaction reporting described in response to interrogatory #1. The IRS does not have any communications or documents sent to or from third parties since August 9, 2019, regarding the review or its conclusions.

**11. What formula or methodology do you use to determine whether "there is a reasonable basis for believing that ... [an ascertainable] group or class of persons may fail or may have failed to comply with any provision of any internal revenue law," within the meaning of 26 U.S.C. § 7609(a)(2)? Identify all documents that evidence or describe any such formula or methodology or that explain your rationale for employing the formula or methodology. Provide a brief description of each type of "group" or "class" of taxpayers whose records you have sought to obtain during the past 10 years after determining that the ascertainable group or class of persons "may fail or may have failed to comply with any provisions of the internal revenue law" (e.g., the limited partners of a tax shelter, all taxi drivers, all customers of specified companies).**

Response: Objects that the language quoted in this interrogatory is in 26 U.S.C. § 7609(f)(2), not § 7609(a)(2), and that the determination of whether the standard in § 7609(f)(2) is met is made

6

by the court. This interrogatory seeks irrelevant information because the decision by the U.S. District Court for the Northern District of California, finding that the government met the § 7609(f)(2) standard in the *Coinbase* case, is *res judicata* and cannot be collaterally attacked in this proceeding. Other John Doe summons cases are irrelevant because they have no relation to the claims brought by the Plaintiff in this case. To the extent that this interrogatory is asking how the government decides to file a case under § 7609(f) and (h) seeking leave of court to serve a John Doe summons, the United States objects that this information is protected by the attorney-client, deliberative-process, and law-enforcement privileges, as well as the work-product doctrine, and that it is further irrelevant for the reasons already stated above. Additionally, the United States objects that this is a compound interrogatory that is really, in substance, multiple interrogatories, and that the requested information regarding John Doe summons cases from the past 10 years is public record that Plaintiff can readily research on his own.

**13. Identify the format or encoding in which Plaintiff's information is now stored. Identify each instance of Plaintiff's information in storage or backup, whether housed by you or housed under your direction and control, including the computers used by people identified in Interrogatory No. 4, backups of those computers, and servers and systems used to communicate with and back up those computers. Identify the physical location of each such instance of Plaintiff's information.**

Response: Objects that the information sought in this interrogatory is irrelevant to the Plaintiff's claims. Further objects that the interrogatory is vague and ambiguous.

**19. Describe all instances in the past 10 years in which confidential taxpayer information possessed by you came into the possession of individuals not authorized to possess the information, as a result of a violation or breach of any of the IRS policies or practices described in your answer to Interrogatory #18 or as a result of unknown failures to maintain confidentiality. Identify, if known, any individuals or entities that came into possession of such confidential taxpayer information.**

Response: Objects that the information sought in this interrogatory is irrelevant to the Plaintiff's claims, is not proportional to the needs of this case, and seeks information protected by 26

7

U.S.C. § 6103. Further objects that the interrogatory is vague and ambiguous, and notes that no response to Interrogatory #18 (referenced in this Interrogatory #19) is required.

## **VERIFICATION**

I, Edward J. Murphy, am a Trial Attorney with U.S. Department of Justice, Tax Division, and I am assigned to represent the United States in connection with the above-captioned case. I have reviewed the above interrogatory responses, which were prepared based on information held by agents and/or employees of the United States, and/or documents in the custody, possession, or control of the United States. The answers to the interrogatories are true and correct to the best of my knowledge, information, and belief.

/s/ *Edward J. Murphy*
Edward J. Murphy

I have reviewed the above interrogatory responses, which were prepared based on information held by agents and/or employees of the Internal Revenue Service or the United States, and/or documents in the custody, possession, or control of the United States. The answers to the interrogatories are true and correct to the best of my knowledge, information, and belief.

/s/ *Karen S. Cincotta*
KAREN S. CINCOTTA
Supervisory Internal Revenue Agent,
Internal Revenue Service

Respectfully Submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice,
Tax Division

/s/ *Edward J. Murphy*
EDWARD J. MURPHY
RYAN D. GALISEWSKI
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Tel: (202) 307-6064 / (202) 305-3719
Fax: (202) 514-5238
Edward.J.Murphy@usdoj.gov
Ryan.D.Galisewski@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I certify that on January 10, 2023, I served the foregoing Defendant United States of America's Responses to Plaintiff's First Set of Interrogatories via email to the following attorneys for Plaintiff:

Jared Joseph Bedrick
Champions Law
170 West Road
Suite 6d
Portsmouth, NH 03801
jared@champions.law

Aditya Dynar
New Civil Liberties Alliance
1225 19th Street NW
Ste 450
Washington, DC 20036
aditya.dynar@gmail.com

Caleb Kruckenberg
New Civil Liberties Alliance
1225 19th Street NW
Ste 450
Washington, DC 20036
ckruckenberg@pacificlegal.org

Richard Samp
New Civil Liberties Alliance
1225 19th Street NW
Ste 450
Washington, DC 20036
rich.samp@ncla.legal

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice